WILENTZ, GOLDMAN & SPITZER
A Professional Corporation
90 Woodbridge Center Drive
Post Office Box 10
Woodbridge, New Jersey 07095
(732) 636-8000
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------X
ROBERT BLEDSOE,                :
                               :
       Plaintiff,              :
                               :          Civil Action
v.                             :
                               :          **COMPLAINT, JURY**
PORT AUTHORITY OF NEW YORK     :          **DEMAND, DESIGNATION**
AND NEW JERSEY, PORT           :          **OF TRIAL COUNSEL**
AUTHORITY TRANS-HUDSON         :
CORP., NEW YORK NEW JERSEY     :
RAIL, LLC, ABC CORP. 1-10      :
(fictitious entities, real     :
names unknown) and JOHN DOES   :
1-20 (fictitious               :
individuals, real names        :
unknown)                       :
                               :
       Defendants.             :
                               :
------------------------------X

     Plaintiff, Robert Bledsoe, residing in the township of Succasunna, County of Morris, New Jersey, by his attorney, Giovanni Anzalone, Esq., of Wilentz, Goldman & Spitzer, 90

#8955119.1

Woodbridge Center Drive, Suite 900, Box 10, Woodbridge, New Jersey 07095, by way of Complaint against defendant(s) says:

## JURISDICTION AND VENUE

This Court has jurisdiction and venue of this action pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. § 51 and 28 U.S.C. § 1357.

## FIRST COUNT

1. That at all relevant times, the defendant, Port Authority of New York and New Jersey and/or Port Authority Trans-Hudson Corporation (hereinafter "PATH") and/or New York New Jersey Rail, LLC, was and has been a corporation organized under the provisions of N.J.S.A. 27:25-1 et. seq. and has conducted railroad operations in interstate commerce and within the State of New Jersey.

2. That at all relevant times, the rights and obligations of the plaintiff and the defendant for work connected injury, illness or disease have been governed by the provisions of the Federal Employers' Liability Act, 45 U.S.C.A. 51, et. seq.

3. That on or about April 22, 2014, plaintiff, Robert Bledsoe, was in the course of his employment with defendant(s), Port Authority of New York and New Jersey and/or Port Authority

#8955119.1

Trans-Hudson Corporation and/or New York New Jersey Rail, LLC, at the Greenville Yard facility located in the city of Jersey City, County of Hudson, New Jersey, when he was caused to be severely and permanently injured due to a fall in the railyard of said facility that occurred while plaintiff was in the course of performing various activities. Specifically, in the morning hours of April 22, 2014, as plaintiff was in the midst of his work-shift at the subject Greenville Yard facility, he was traversing the subject yard. While walking and crossing train tracks on the aforementioned premises, unbeknown to plaintiff, he encountered displaced gravel (ballast) that had created a hole and/or depression formed on the subject property due to improper/lack of maintenance that defendant knew or should have known was in a state of disrepair prior to the date of this incident, thereby creating an unsafe work environment. Plaintiff was unable to observe this hazardous condition in the subject parking lot due to topography and position of the hole/depression in relation to the last rail in that same was obstruction from his view by the configuration of the rail tracks at which time he inadvertently stepped into the aforementioned hole/depression, causing his left knee to twist whereupon he fell.

#8955119.1

4. That at said time and place, the defendant(s), Port Authority of New York and New Jersey and/or Port Authority Trans-Hudson Corporation and/or New York New Jersey Rail, LLC and/or defendants ABC Corp. 1-10, owned, leased, operated, managed or controlled the premises and/or equipment in question and negligently failed to provide a reasonably safe place for the plaintiff to perform his work as well as failure to provide safe and/or adequate equipment for plaintiff to perform his job.

5. Plaintiff alleges that said accident arose due to hazardous conditions negligently maintained, about which defendants, their agents, servants or employees had due and timely notice and knowledge, or which would have been revealed by reasonable maintenance and inspections of the said condition and/or equipment.

6. As a direct and proximate result of the aforesaid negligence of the defendant(s), Port Authority of New York and New Jersey and/or Port Authority Trans-Hudson Corporation and/or New York New Jersey Rail, LLC and/or ABC Corp. 1-10, the plaintiff, Robert Bledsoe, was caused to step into the aforementioned depression/hole in the subject gravel/ballast in the aforementioned rail yard causing his knee to twist whereupon he fell, and/or otherwise injuring said knee, was caused to sustain severe and painful personal injuries requiring surgery,

-4-

#8955119.1

pain and suffering, loss of wages and/or income, was compelled to expend sums of money for medical care and attention and will in the future be so compelled and/or was rendered permanently disabled.

WHEREFORE, plaintiff, Robert Bledsoe, demands judgment for damages on this Count of the Complaint, against any or all of the said defendants, together with interest, attorney fees and cost of suit.

### SECOND COUNT

1. Plaintiff, Robert Bledsoe, repeats the allegations set forth in the First Count of the Complaint as if fully set forth herein.

2. At the time and place aforementioned, the defendants, ABC Corp. 1-10, and/or John Does 1-20, or any of them, owned, leased, operated and maintained the aforementioned property and/or equipment in question.

3. Plaintiff alleges that said incident arose due to hazardous conditions negligently maintained, about which defendants, their agents, servants or employees had due and timely notice and knowledge, or which would have been revealed by reasonable maintenance and inspections of the said condition(s) and/or equipment.

4. As a direct and proximate result of the aforesaid negligence of the defendants, ABC Corp. 1-10 and/or John Does 1-20, or any of them, the plaintiff, Robert Bledsoe, was caused to sustain severe and painful personal injuries requiring surgery, pain and suffering, loss of wages or income, was compelled to expend sums of money for medical care and attention and will in the future be so compelled and/or was rendered permanently disabled.

WHEREFORE, plaintiff, Robert Bledsoe, demands judgment for damages on this Count of the Complaint, against any or all of the said defendants, together with interest, attorney fees and cost of suit.

                         WILENTZ, GOLDMAN & SPITZER
                         A Professional Corporation
                         Attorneys for Plaintiff

                         By: _____
                            GIOVANNI (JOHN) ANZALONE

Dated: January 20, 2017

### JURY DEMAND

Plaintiff demands a trial by jury as to all issues to triable.

-6-

#8955119.1

**CERTIFICATION**

This is not the subject of any other litigation or arbitration proceeding. Further, Plaintiff's counsel is not presently aware of the identity of any other entity/individuals that should be joined as parties to this action.

**DESIGNATION OF TRIAL COUNSEL**

Please take notice that Plaintiff hereby designates Giovanni Anzalone, Esq. as trial counsel in the within matter.

					GIOVANNI (JOHN) ANZALONE

Dated: January 20, 2017

-7-

#8955119.1